PER CURIAM.
Appellant seeks review of his convictions for four crimes arising out of serious sexual misconduct with his then minor daughter. As to Counts II, III, and V, appellant argues that he should have been discharged by the trial court because the statute of limitations had run on these allegations. As to Count I, sexual battery on a child under the age of twelve, a capital felony, appellant argues that the information upon which he was convicted was filed in violation of his constitutional due process right to a speedy trial.
We affirm the conviction for capital sexual battery. See § 775.15(1), Fla. Stat. (1985)(“A prosecution for a capital or life *777 felony may be commenced at any time.”) The other convictions are subject to the tolling provisions contained in section 775.15(7), Florida Statutes (1985), the statute in effect at the time of the crimes here at issue:
If the victim of a violation of s. 794.011, s. 794.05, s. 800.04, or s. 826.04 is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred. This subsection applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984.
Appellant relies in part upon an October 1991 psychological evaluation performed by Dr. Lawrence J. Gilgun, a copy of which was apparently provided to the former Department of Health and Rehabilitative Services immediately after the evaluation. Appellant argues that the charges were filed outside the applicable limitations period, which, according to appellant should have begun running no later than the time Dr. Gilgun’s report was provided to Health and Rehabilitative Services. This report, contained in the record, details sexual molestation of the minor victim by appellant, including incidents of digital penetration.
Nevertheless, the record before us contains no indication that any evidence of Dr. Gilgun’s report was presented to the trial court prior to the trial court’s ruling on the motion to dismiss. Accordingly, appellant’s argument, based on Dr. Gilgun’s report, is not preserved for appellate review. Those arguments that have been preserved for appellate review are without merit.
AFFIRMED.
BARFIELD, C.J., KAHN and DAVIS, JJ„ CONCUR.